FILED

United States Court of Appeals
Tenth Circuit

March 18, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GILDA MARIE SCHOONOVER,

Petitioner-Appellant,

v.

MILLICENT NEWTON EMBRY,
Warden, Mabel Basset Correctional
Facility; ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

Respondents-Appellees.

No. 07-5174

(D.C. No. 4:07-CV-00283-CVE-FHM)
(N. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Gilda Schoonover, an Oklahoma state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's denial of her 28 U.S.C. §

2254 application for federal habeas relief. Because Schoonover has failed to satisfy the

standards for the issuance of a COA, we deny her request and dismiss the matter.

I.

Schoonover was convicted in 2003 of first-degree child abuse murder and

sentenced to life imprisonment with the possibility of parole. The Oklahoma Court of

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

Criminal Appeals (OCCA) affirmed Schoonover's conviction and sentence on September 8, 2004. There is no indication in the record that Schoonover sought certiorari review with the United States Supreme Court.

On September 30, 2005, Schoonover filed an application for state post-conviction relief. The state trial court denied the application on November 9, 2005, and a journal entry memorializing that denial was filed on December 2, 2005. On January 3, 2006, Schoonover's husband attempted to appeal the state trial court's ruling by filing with the OCCA on Schoonover's behalf a pleading entitled "Petition in Error/Brief in Support." On April 10, 2006, the OCCA dismissed the pleading on the grounds that it "ha[d] not been signed and filed by" Schoonover "or by a licensed attorney on her behalf," as required by the OCCA's rules. ROA, Doc. 8, Exh. 2 at 1.

On May 22, 2006, Schoonover, again represented by her husband, filed an application for writ of mandamus with the Oklahoma Supreme Court (OSC). The OSC denied the application on June 12, 2006. Although Schoonover sought reconsideration of the denial, the OSC denied that request on June 29, 2006.

On July 3, 2006, Schoonover and her husband jointly filed with the state trial court a pleading entitled "Motion to Exhume the Truth." Id., Exh. 4. In essence that pleading sought exhumation of the body of Schoonover's deceased son in order to support Schoonover's claim that she was wrongfully convicted of his murder. The state trial court denied the motion via minute order on October 25, 2006. Id., Exh. 5.

On May 14, 2007, Schoonover filed a federal habeas petition pursuant to 28 U.S.C.

2

§ 2254 asserting approximately thirteen grounds for relief. Respondent moved to dismiss Schoonover's petition, arguing that she "failed to file her petition within the one-year statute of limitations" provided by 28 U.S.C. § 2244(d)(1). Id., Doc. 8 at 1. On November 5, 2007, the district court granted respondent's motion and dismissed Schoonover's petition as time-barred. Id., Doc. 12. In doing so, the district court reached the following conclusions regarding when the one-year limitations period began running and when it expired:

• Schoonover's conviction became final, and the one-year limitations period for filing a federal habeas petition began running, on December 7, 2004, after the ninety-day time period for filing a petition for writ of certiorari with the United States Supreme Court had lapsed;

• Schoonover's application for state post-conviction relief was filed sixty-eight days prior to the expiration of the one-year statute of limitations;

• because Schoonover's appeal from the denial of state post-conviction relief failed to comply with the OCCA's procedural rules, her appeal was not properly filed, and thus did not serve to toll the running of the limitations period;

• the limitations period began running thirty days after the state trial court denied post-conviction relief, or approximately January 2, 2006; and

• the one-year limitations period expired on or about March 13, 2006.

In light of these conclusions, the district court found it unnecessary to determine whether Schoonover's writ of mandamus and "Motion to Exhume the Truth" should be considered post-conviction proceedings for tolling purposes. Lastly, the district court concluded that Schoonover was not entitled to equitable tolling because she had "failed to demonstrate that her inability to file her habeas petition within the one-year period was due to

3

circumstances beyond her control." Id. at 7.

Schoonover subsequently filed a notice of intent to appeal and an application for COA. The district court denied her request for a COA. Schoonover has since renewed her request for a COA with this court.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The district court in this case correctly outlined the controlling standards for assessing the timeliness of a federal habeas petition. As it noted, Congress has

4

"established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled by "[t]he time during which a properly filed application for State post conviction relief ... is pending." Id. § 2244(d)(2). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

After reviewing the record on appeal, we fully agree with the district court that Schoonover's federal habeas petition was untimely filed, and we conclude that no reasonable jurist could find it debatable whether the district court was correct in its procedural ruling. Although Schoonover takes issue with the district court's conclusion that her state post-conviction appeal was not properly filed, we find no merit to her arguments in this regard. Rule 1.6(B) of the Rules of the Oklahoma Court of Criminal Appeals plainly provides that "[o]nly pro se Appellants/Petitioners and licensed attorneys may sign and file pleadings with the Clerk of this Court." Because Schoonover's appeal was signed only by her husband, who is not a licensed attorney, the OCCA dismissed her

5

appeal pursuant to Rule 1.6(B). Thus, Schoonover's appeal cannot be considered to have been "properly filed" for purposes of tolling the one-year limitations period for filing a federal habeas petition. See Gibson v. Klinger, 232 F.3d 799, 805 (10th Cir. 2000) (noting that all "circuits agree that state procedural law should determine whether an application is 'properly filed'"). Schoonover also takes issue with the district court's conclusion that she was not entitled to equitable tolling of the limitations period. But again, based on our review of the record, we find no flaws in the district court's reasoning. In sum, the record firmly establishes that responsibility for the failure to timely file the federal habeas petition rests on Schoonover's shoulders, and was not due to circumstances beyond her control.

Accordingly, the request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6